## The People of the State of Illinois ex rel. Mary Rudnik, Appellee, v. Jacob Lamberg, Appellant.

### Gen. No. 15,666.

1. BASTARDY—*what evidence competent.* Held, that the declarations of the wife of the defendant, made in the presence and hearing of the defendant, are properly admitted.

. 2. BASTARDY—*when conviction set aside.* Evidence of promiscuous relations with men other than the defendant at or about the time of conception, excludes the inference of paternity by the defendant and calls for a reversal of a judgment of conviction.

3. MUNICIPAL COURT—*propriety of oral instructions.* The statute which authorizes oral instructions by municipal judges applies to prosecutions for bastardy.

Appeal from the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 13, 1911.

PETER SISSMAN, for plaintiff in error.

JOHN E. W. WAYMAN and F. L. BARNETT, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment in a bastardy proceeding rendered in the Municipal Court on the verdict of a jury.

We think the court did not err in admitting in evidence the declarations of the wife of the defendant made in the presence and hearing of the defendant. Gannon v. The People, 127 Ill. 507.

The contention that the court excluded evidence tending to show that defendant was impotent is not sustained by the record.

The Municipal Court Act provides that judges of that court may give oral instructions. No reason is perceived why this provision is not applicable to bastardy cases.

The bastard child was born November 24, 1908. The relatrix testified that she had intercourse with the defendant in February and March, 1908; that she did not have intercourse with any other man during either of these months, and that the defendant was the father of her child. Lindholm and Nyquist, witnesses called by the defendant, each testified that he had intercourse with the relatrix in February, 1908. The defendant testified that he never had intercourse with the relatrix, and she contradicted the statements of Lindholm and Nyquist.

This is a part of the instruction to the jury:

"You may take into consideration whether the complaining witness had intercourse with other men at or about the time of conception, and if so, whether the defendant, notwithstanding such intercourse with other men, is the father of the child. The mere fact that the complaining witness had intercourse with other men at or about the time in question does not necessarily determine the question in favor of the defendant. If the complaining witness had intercourse with other men at or about the time in question, then the jury are still to determine whether the defendant is the father of the child, and if from all of the evidence in the case, you find that notwithstanding the intercourse with other men, the defendant is the father of the child, then your verdict should be against the defendant."

It was, we think, reversible error to give this instruction. It cannot be construed, as contended by appellee, as submitting to the jury the question whether the relatrix had intercourse with Lindholm or Nyquist about the time in question, but by it the jury were told that if she did have intercourse with other men at or about the time in question, that notwithstanding such intercourse the jury might find that the defendant was the father of her child. Taking all of her testimony together, the testimony of relatrix that the defendant was the father of her child, was but the statement of an inference from the facts stated by her, that she had intercourse with him and only with

him about the time the child was begotten, and there is no evidence tending to prove any other fact as the basis of such inference. If she had intercourse with one other than the defendant about the time the child was begotten, there was in her testimony no basis for the inference stated by her, or from which the jury might properly draw the inference that the defendant was the father of her child.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*